EISENBERG & BAUM, LLP
ATTORNEYS FOR PLAINTIFF
24 UNION SQUARE EAST
NEW YORK, NY 10003
(212)353-8700

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x
:
RYAN CUEVAS, :
 :
        Plaintiff, : **COMPLAINT**
   v. : **No. 20-17555**
 :
THE STATE OF NEW JERSEY, :
CITY OF JERSEY CITY, and :
THE ADMINISTRATIVE :
OFFICE OF THE COURTS OF NEW JERSEY,:
 :
        Defendants. :
 :
---------------------------------------------------------------x

      Plaintiff, RYAN CUEVAS, by and through his undersigned counsel, EISENBERG & BAUM, LLP, hereby sues Defendants, THE STATE OF NEW JERSEY, CITY OF JERSEY CITY and THE ADMINISTRATIVE OFFICE OF THE COURTS OF NEW JERSEY, and alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication. Defendants discriminated against Plaintiff by failing to provide him with a sign language interpreter during his court hearings.

      2.    Defendants' wrongful and intentional discrimination against Plaintiff on the basis

1

of his disability is reflected by the Defendants' failure to train their employees and promulgate policies of non-discrimination against deaf individuals. Despite Plaintiff's repeated requests for an interpreter, Defendants treated Plaintiff with deliberate indifference due to his disability. Defendants' denial of effective communication during Plaintiff's court visits caused him significant suffering, humiliation, and emotional distress.

3. Defendants' discriminatory acts, as alleged herein, represent a continuing violation illustrated by previous instances of similar discriminatory conduct, which have placed Defendants on notice of their obligation to accommodate deaf individuals. *See Soto v. Newark*, No. 2:98-cv-05582-AMW; *Perez v. Camden Municipal Court* No. 14-cv-7473 RBK, *Ali v. City of Newark et al*. No. 15-cv-8374; as well as the Settlement Agreement in *Derosa, et al. v. Boro of South Plainfield, et al.*, No. 2:99-cv-02531-JCL. The discriminatory acts described herein show that Defendants continue to deprive deaf and hard of hearing people of their civil rights.

4. Plaintiff brings this lawsuit to seek injunctive and declaratory relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, et seq.; and other state and common law causes of action.

## THE PARTIES

5. Plaintiff RYAN CUEVAS is an individual residing at 280 Manhattan Ave, Jersey City, NJ 07307. Mr. Cuevas is Deaf, primarily communicates in American Sign Language, and is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws.

6. Defendant CITY OF JERSEY CITY is a municipal corporation of the State of New Jersey, and has its primary place of operation at 280 Grove Street Jersey City, NJ 07302. Upon information and belief, the City of Jersey City employs the administrative staff of the Newark Municipal Court and pays annual salaries of Judges at the Municipal Court.

7. Defendant THE STATE OF NEW JERSEY is a sovereign State with system of courts, including the Jersey City Municipal Court.

8. Defendant THE ADMINISTRATIVE OFFICE OF THE COURTS OF NEW JERSEY sets policies and manages the administrative affairs of the statewide judiciary of the State of New Jersey, including those of the Jersey City Municipal Court.

## JURISDICTION & VENUE

9. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state law.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Defendants reside within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

## STATEMENT OF FACTS

11. Plaintiff is Deaf and primarily communicates in American Sign Language (ASL).

12. On August 22, 2019, Plaintiff received a parking ticket and a summons (Issued by Jersey City, Summons #8-680830) to appear before the Municipal Court of New Jersey on September 5, 2019 at 365 Summit Avenue, Jersey City, NJ 07306.

13. On November 20, 2019, Plaintiff received a mail notice from the Municipal Court that his court hearing date regarding the parking ticket described above has been rescheduled to January 22, 2020 before Chief Judge Carlo Abad.

14. On or about January 8, 2020, Plaintiff made payment for the parking ticket. He then noticed that he needed to contact the New Jersey Motor Vehicle Commission to restore his driving privileges.

15. On or about January 8, 2020, Plaintiff called the Municipal Court and communicated with an employee at the Administrative Office of the Court who explained that Plaintiff's arraignment hearing would be held on January 22, 2020. Plaintiff asked for an interpreter to be arranged for the hearing but was told that Plaintiff would need to appear in Court on January 22, 2020 and request an interpreter.

16. In a letter dated January 17, 2020, Plaintiff was notified by the Motor Vehicle Commission ("MVC") that the MVC had scheduled a suspension of Plaintiff's registration privilege as of January 17, 2020 and driving privilege as of February 16, 2020 because he "failed to present proof of liability insurance." The letter stated that a $100 restoration fee must be paid to cancel the scheduled suspension.

17. On January 22, 2020, Plaintiff appeared in Court for an arraignment, but no interpreter was provided by the Court. Due to the absence of an ASL interpreter, the Judge rescheduled the hearing to March 4, 2020.

18. At the hearing on January 22, 2020, the Judge wrote on a piece of paper to Plaintiff: "Your next Court date is 3/4/20 at 9 am at Courtroom #6. We will have an ASL interpreter. Thank you for coming."

19. On February 5, 2020, Plaintiff went to the Municipal Court to request reinstatement of his license pending his arraignment hearing scheduled for March 4, 2020. By note-writing, the employee at the Administrative Office of the Court informed Plaintiff that a reinstatement of his license cannot be made without a letter. No interpreter was provided during this exchange.

20. On February 10, 2020, Plaintiff called the Municipal Court through Video Relay Service interpreter to clarify why an interpreter had not been provided to him at the January 22, 2020 hearing. Up until that point, Plaintiff did not understand what an "arraignment" meant until the VRS interpreter explained it to Plaintiff.

21. On or about February 26, 2020, Plaintiff again called the Municipal Court through a Video Relay Service interpreter to request an interpreter for the upcoming March 4, 2020 hearing. An employee at the Administrative Office of the Court informed Plaintiff that he must show up on April 1, 2020 to ask the Judge for an ASL interpreter. Plaintiff was also told that he himself cannot request an interpreter in advance, and that only the Judge can request an interpreter.

22. On March 4, 2020, Plaintiff appeared for his court hearing and waited for the Judge to call his name for an hour. Plaintiff was nervous, frustrated, and confused because he could not understand any announcements being made and there was no one to assist him. Plaintiff finally received a written note from the Judge's assistant which said: "We do not have a sign language interp. Sorry we must reschedule. Thank You."

23. The Municipal Courts were closed from March 30 to April 26, 2020 to mitigate public exposure to COVID-19. Therefore, the April 1, 2020 hearing was postponed to May 6, 2020 which was further postponed to June 3, 2020.

24. The June 3, 2020 hearing was again postponed to August 5, 2020.

25. On July 22, 2020, by a letter in the mail, Plaintiff was provided instructions to participate in a "virtual courtroom" hearing through a videoconference software "Zoom." The letter did not contain information about a sign language interpreter. This letter was prepared by an employee at the Municipal Court named Tamirah Lindsey.

26. Upon receiving the letter, Plaintiff followed up with Tamirah Lindsey and requested an ASL interpreter for his upcoming August 5, 2020 hearing.

27. On August 5, 2020, Plaintiff appeared for the postponed arraignment hearing at a "virtual courtroom" through a videoconference software. An ASL interpreter was present at the videoconference. At the hearing, the judge waived Plaintiff's restoration fees and reinstated the suspended license.

28. On August 7, 2020, Plaintiff received a notice to pay restoration fee ($100) to restore his driving privilege.

29. On August 20, 2020, Plaintiff visited the MVC in Newark, NJ and asked the MVC worker to confirm whether his license was still suspended. The MVC worker wrote a note stating, "Yes, you are suspended, you have to pay $100 to restore."

30. On September 15, 2020, Plaintiff called both Jersey City Municipal Court and the MVC in Trenton to clarify whether the restoration fee had been waived and his license reinstated during the August 5, 2020 hearing. The Judge's assistant at the Municipal Court confirmed that the restoration fee was waived and his license would be reinstated. Upon instructions from the Judge's assistant, Plaintiff called an individual named Karen Buchan-Wheeler at 609-943-9990 who confirmed that the restoration fee was waived and that Plaintiff's license was reinstated.

31. Defendants' conduct, as alleged above, denied Plaintiff access to the court and a meaningful opportunity to be heard.

32. Despite Plaintiff's repeated requests to arrange an ASL interpreter in advance of the scheduled hearings, the Municipal Court's employee declined to take steps to provide the requested accommodation. Instead, Plaintiff was told that Plaintiff cannot request an interpreter, and that only the Judge can make the request.

33. No interpreter was provided to Plaintiff for hearings scheduled on January 22, 2020 and March 4, 2020, prompting months of delays to follow.

34. Without an interpreter, Plaintiff was unable to effectively communicate or understand the proceedings.

35. Defendants' actions resulted in Plaintiff being irretrievably denied the complete understanding of the court proceedings, and caused unnecessary suspension of his license for nearly 9 months. The suspension and delay could have been avoided had the Court provided an interpreter for Plaintiff on January 22, 2020, the date of his first re-scheduled hearing.

36. Defendants' willful, knowing and repeated acts of intentional discrimination against Plaintiff evinces a pattern and practice of discrimination that caused Plaintiff to suffer emotional pain and anguish.

37. Defendants' policy – whether formal or informal – of not arranging an interpreter prior to the judicial proceeding results in a failure of their legal duty to make timely, reasonable accommodations.

38. Plaintiff experienced shame, anxiety, frustration, emotional distress, fear and discrimination. Plaintiff was ignored, humiliated and treated with discrimination and deliberate indifference by Defendants.

39. Plaintiff faced unnecessary hardship in being unable to reinstate his driving license, having to appear before the court multiple times while his efforts were rendered futile due to the absence of an interpreter, and having to liaise between the Municipal Court and the MVC without an interpreter to clarify mistakes made by either the Court and/or the MVC.

### CLAIM 1: VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT AGAINST ALL DEFENDANTS

40. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

41. At all times relevant to this action, Title II of the ADA, 42 U.S.C. § 12131 et seq., has been in full force and effect and has applied to Defendants' conduct.

42. At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 C.F.R. Part 35, have been in full force and effect and have applied to the Defendant's conduct.

43. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and has been an individual with a disability within the meaning of the ADA.

44. Defendants are public entities as defined under Title II of the ADA, 42 U.S.C. § 12131(1).

45. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

46. Federal Regulations implementing Title II of the ADA state that a public entity may not "(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; [or] (iii) provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 C.F.R. § 35.130(b)(1).

47. Federal Regulations implementing Title II of the ADA state that a public entity "shall take appropriate steps to ensure that communications with applicants, participants, members of the

public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

48. Federal Regulations implementing Title II of the ADA state that "[a] public entity shall furnish appropriate auxiliary aids and services where necessary," and "shall give primary consideration to the requests of individuals with disabilities." 28 C.F.R. § 35.160(b).

49. Defendants discriminated against Plaintiff on the basis of his disability by excluding him from participation in and denying him the benefits of their services, and by subjecting him to discrimination, in violation of the ADA.

50. Defendants further discriminated against Plaintiff by failing to ensure effective communication through the provision of a qualified in-person interpreter.

51. As set forth above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional deaf persons.

52. Plaintiff is therefore entitled to compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged, as well as an award of attorney's fees, costs, and disbursements, pursuant to the ADA, 42 U.S.C. § 12133.

### CLAIM 2: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT AGAINST ALL DEFENDANTS

53. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

54. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, has been in full force and effect and has applied to the Defendants' conduct.

55. At all times relevant to this action, Plaintiff has had a substantial limitation to the major life activities of hearing and speaking, and has been an individual with a disability within the meaning of the Rehabilitation Act.

56. At all times relevant to this action, Defendants have been programs or activities receiving federal financial assistance, and are therefore subject to the Rehabilitation Act.

57. Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

58. Defendants subjected Plaintiff to discrimination on the basis of his disability, in violation of 29 U.S.C. § 794.

59. As set forth above, absent injunctive relief there is a clear risk that Defendants' actions will recur with Plaintiff and/or additional deaf persons.

60. Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss she sustained as a result of Defendants' discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

61. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## CLAIM 3: VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION AGAINST DEFENDANT THE CITY OF JERSEY CITY

62. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

63. At all times relevant to this action, the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. §§ 10:5-1, et seq., has been in full force and effect and has applied to the Defendant's conduct.

64. At all times relevant to this action, Plaintiff has been a person with a disability within the meaning of N.J.S.A. §§ 10:5-5(q) and 10:5-5(w).

65. At all times relevant to this action, Defendant's court facilities have been places of public accommodation within the meaning of N.J.S.A. § 10:5-5(l).

66. Pursuant to N.J.S.A. § 10:5-12(f)(1), it shall be unlawful discrimination "for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof . . . on account of . . . disability."

67. Plaintiff is an aggrieved person within the meaning of N.J.S.A. § 10:5-13, which extends relief to "any person claiming to be aggrieved" by the discrimination of a person on the basis of disability.

68. Defendant discriminated against Plaintiff on the basis of his disability in violation of the NJLAD, as set forth above.

69. As set forth above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional deaf persons.

70. Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss he sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged pursuant to N.J.S.A. § 10:5-3.

71. Plaintiff is further entitled to an award of punitive damages pursuant to N.J.S.A. § 10:5-3.

72. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to N.J.S.A. § 10:5-27.1.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

    a.   Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that all Defendants have subjected Plaintiff to unlawful discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, and that Defendant the City of Jersey City also subjected Plaintiff to unlawful discrimination in violation of the New Jersey Law Against Discrimination;

    b. Enjoin Defendants from implementing or enforcing any policy, procedure, and/or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of Defendant's facilities, services or programs;

    c.   Order Defendants:

        i.   to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

        ii.   to develop, implement, promulgate, and comply with a policy to ensure that Defendants will consider the communication needs of deaf individuals who seek Defendants' services and will affirmatively work with deaf individuals to provide effective auxiliary aids and services to make its services accessible;

        iii.   to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA, the Rehabilitation Act, and the New Jersey Law Against Discrimination;

    d. Award to Plaintiff:

        i.   Compensatory damages pursuant to the ADA and the Rehabilitation Act, and pursuant to the NJLAD as against Defendant The City of Jersey City;

        ii.   Punitive damages pursuant to the NJLAD as against Defendant The City of Jersey City;

  iii. Reasonable costs and attorneys' fees pursuant to the ADA, the Rehabilitation Act, and the NJLAD;

  iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

  iv. Any and all other relief that this Court finds necessary and appropriate.

          EISENBERG & BAUM, LLP

          /s/ Andrew Rozynski

          Andrew Rozynski
          EISENBERG & BAUM, LLP
          24 Union Square East, Fourth Floor
          New York, NY 10003
          Tel: (212) 353-8700
          Fax: (212) 353-1708
          arozynski@eandblaw.com

          *Attorneys for Plaintiff*